u This court is of opinion that, although the case agreed in this cause has not expressly admitted the assent of the surviving executor of Joseph Royall to the legacies bequéathed by his will, and now in question, yet such assent is to be assumed, as between the present parties 5 as well from the facts agreed in the case, that the widow and son of the téstator were respectively possessed of the slaves severally bequeathed to them, (which will be intended as a lawful, and not tortious possession,) as because the case aforesaid has rested the cause upon the decision of two questions which exclude the necessity of the assent aforesaid i and because, while, *490 on the one hand, it is an unnatural presumption that parties litigant would have reference to a circumstance, equally affecting, and, in one view, equally destructive of the title of them both ; it is, on the other hand, equally reasonable, and usual, for parties to adjust their claims, in subordination to the ulterior claims of others not parties to the controversy.
“ The court is further of opinion, that the inquiry before us is also narrowed by the case aforesaid, so as to exclude the question, whether the appellant is entitled to retain the slaves now in controversy, or any part of them, by reason of being one of the co-heirs or distributees of John the son, and his having paid the debts and funeral expenses of his mother, the intestate of the appellee; that case, in submitting it to the court to say, whether the limitation over to Lucy, the wife, was a legal and valid limitation or not, being supposed to have submitted the point upon the true construction of the will of Joseph Royall only} and not as- being influenced by these, or other, extraneous facts or circumstances.
“ With respect to the second question submitted, namely, whether (notwithstanding the death of Lucy, the mother, in the lifetime of John the son) the slaves limited to her by the will (supposing the limitation to be good) became vested in the appellee as her administrator ? the court adopts the affirmative opinion; in support of which, the case of Pinbury v. Elkin, 1 P. Wms. 564. is supposed to be a decisive authority.
“ As to the point submitted, which involves the validity of the limitation aforesaid, it requires rather more consideration. While the court is clearly of opinion that, in relation to land, there is nothing in the will which would restrict the limitation aforesaid, so as to make it Valid; and while, even in relation to personal estate, (as to which a more liberal rule of construction has prevailed,) the court does not see that either the terms “ then and in that case,’ or the word ‘heir,’ used in the singu *491 lar number, would justify them in adopting the restrictive construction, (under the decisions on this subject, either in this country, or in England,) the court is inclined to think that the testator could not have contemplated a vesting in his wife and her heirs, at a remote point of time, of the negroes in question ; and, consequently, that the restrictive construction should be adopted in relation to them. This opinion is induced by his mentioning in the will the ‘negroes he had by his wife;’ omitting to say any thing about their issue: which negroes, thus specifically limited to her, were in esse at the time ; and, consequently, the idea of a return of them, or their posterityj to the heirs of the wife, at a remote distance of time, seems to be reprobated.
“ The court adopts this construction, by analogy to the principle of the case of Pleasants v. Pleasants, in this court,(a) and to that of the numerous class of cases in which a remainder over to a person, who is in esse for life, has been held to restrict words, otherwise purporting an indefinite failure of issue.
“ On these grounds, the court is of opinion that the judgment of the district court should be affirmed?

2 Call, 319.